Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
JUL 0 8 2019
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

UNITED STATES DISTRICT COURT
for the
Western District of Virginia

Lynchburg Division

Susan E. Maxwell

*Plaintiff(s)*
(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)

-v-

Centra Health, Inc.

*Defendant(s)*
(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)

Case No. 6:19CV00044
(to be filled in by the Clerk's Office)

Jury Trial: *(check one)* ☒ Yes ☐ No

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

I. **The Parties to This Complaint**

   A. **The Plaintiff(s)**

   Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

   | | |
   |---|---|
   | Name | Susan E. Maxwell |
   | Street Address | 207 Kensington Ave |
   | City and County | Lynchburg |
   | State and Zip Code | Virginia 24503 |
   | Telephone Number | 434-8145-4473 |
   | E-mail Address | zoomax@comcast.net |

   B. **The Defendant(s)**

   Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1
- Name: Centra Health, Inc.
- Job or Title *(if known)*: A Virginia Corporation
- Street Address: 1920 Atherholt Road
- City and County: Lynchburg
- State and Zip Code: Virginia 24501
- Telephone Number: 434-200-3000
- E-mail Address *(if known)*: @centrahealtyh.com

Defendant No. 2
- Name:
- Job or Title *(if known)*:
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address *(if known)*:

Defendant No. 3
- Name:
- Job or Title *(if known)*:
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address *(if known)*:

Defendant No. 4
- Name:
- Job or Title *(if known)*:
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:
- E-mail Address *(if known)*:

## C. Place of Employment

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | Virginia Baptist Hospital |
| Street Address | 3300 Rivermont Ave |
| City and County | Lynchburg |
| State and Zip Code | VA  24503 |
| Telephone Number | 434200-400 |

## II. Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☐ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☒ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐ Other federal law *(specify the federal law)*:

☐ Relevant state law *(specify, if known)*:

☐ Relevant city or county law *(specify, if known)*:

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- ☒ Failure to hire me.
- ☒ Termination of my employment.
- ☐ Failure to promote me.
- ☐ Failure to accommodate my disability.
- ☒ Unequal terms and conditions of my employment.
- ☒ Retaliation.
- ☐ Other acts *(specify)*: _____

(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)

B. It is my best recollection that the alleged discriminatory acts occurred on date(s)

May 21, 2018 when I was terminated; November 2018 when I was not rehired for two jobs that I interviewed for and was recommended but the hiring decisions were overruled by Centra's Human Resources Dept., which until June 2019 had me on a do not rehire list and has refused to eliminate my negative personnel record, Januray 25, 2018, when I was required to provide two doctor's notes to return to work on January 26, 2018, and February 1, 2018 when I was suspended for a day for questioning Centra's Employee Health Dept. refusing to accept their own ER Dept. physician's return to work note and was told not to reach out to others after I had filed a complaint with Centra's non-retaliatory and federally sanctioned compliance hotline.

C. I believe that defendant(s) *(check one)*:

- ☒ is/are still committing these acts against me.
- ☐ is/are not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

- ☐ race _____
- ☐ color _____
- ☐ gender/sex _____
- ☐ religion _____
- ☐ national origin _____
- ☐ age *(year of birth)* _____ (only when asserting a claim of age discrimination.)

☒         disability or perceived disability *(specify disability)*

My spouse has End Stage Renal Disease (ERSD) and was first seen to have bladder cancer on or about December 17, 2017 and which cancer was further defined in January 2018.

E.     The facts of my case are as follows. Attach additional pages if needed.

Page 5 of 9

I worked for Centra for 10 years without any disciplinary record and met my financial goals regularly billing and collecting for Centra's Bridges Treatment Center and all their Rivermont Schools and their Autism Program bringing in around $3 million dollars per month. The claim results from adverse employment actions taken beginning one month after my disabled husband, who was covered by Medicare and my health insurance through Centra, was diagnosed with bladder cancer. My husband started dialysis on a regular basis in May 2013. Prior to that he became ill after surgery and suffered acute kidney failure and was hospitalized for a significanty period of time. During that time in 2012, my Centra manager approached me about his medical bills and how much they must be costing Centra's insurance company. At that time, my husband was still employed by the Commonwealth and both he and I were on his health insurance through his employment, and he was receiving Medicare on account of his End Stage Renal Disease (ESRD). In July 2013, my husband and I signed up for Centra's health insurance through Piedmonth Community Health Plan (PCHP) as my husband was granted disability retirement, and subsequently determined disabled by the Social Security Administration. Centra acquired PCHP in May 2015 after having been part owner. Sometime around early 2016, my Director had a staff meeting at which time and while staring directly at me she said Centra was losing money because medical claims exceeded revenues for their newly bought health insurance company reaulting in management not receiving their usual bonuses. She went to admonish everyone to only seek medical care when absolutely necessary. In December 2017, my employer was made aware of my husband's cancer diagnosis after I alerted them to my need to miss work to care for him and my application under the Family Medical Leave Act (FMLA). He was diagnosed while in a Centra owned hospital and treated by a Centra owned Medical Group doctor. The extent of his cancer became known after a January 2018 pathology in a Centra hospital. In January 2018, I became ill at work. I called my family doctor who directed me to Centra's ER based on my symptoms. On Janaury 23, 2018, I left work for the ER and for the next several hours underwent testing and an evaluation. The Centra ER doctor wrote me an out of work note allowing me to return to work on January 26, 2018. I advised my manager of this after I left the hospital. On January 25, 2018, the day before I was to return to work I went to Employee Health to get them to approve my return to work as I had been instructed to do after being seen at their hospital. At my visit, I presented their ER doctor's note. The receptionist told me that would not be enough to return me to work. She said Centra policy would not allow them to accept their ER doctor's note. I was instructed to visit my primary care doctor or a doc in the box for an additional note. I asked to see the policy that their own physician's note was not acceptable. They would not provide it. I explained my primary care doctor sent me to the ER. I nonetheless got a note from my family doctor's office and faxed it to them. When I called to confirm it was received, I was told to bring them the note. I did not since between finding a parking spot and the walk to their office at Lynchburg General Hospital it would have taken another 30 minutes. After my treatment at Employee Health on January 25, 2018 I called in a complaint to Centra's non-retaliatory compliance hotline complaining about my treatment at that office and their failure to accept their own physician's return to work note and requring me to get another note from "a primary care doctor or doc in a box" in order to return to work. Additionally, I sent an email to a nurse who had worked with Employee Health in the past who told me I could contact her if I ever had any future difficulty in returning to work through Employee Health. I also received a call from the Centra ER physician who had treated me asking how I was feeling and whether there was any issue returning to work. He was stunned when I related what happened at Employee Health and said he would address it with the Administration at their next meeting. I showed up for work the next morning. My manager told me to go to employee health before starting work. I told her I had submitted the required notes. She said they had called her asking me to report there. I drove al the way over there founding a parking spot and walked to their office only to be told that their director found the notes and that I was OK to return to work. On January 31, 2018, I received an email with Centra's return to work policy showing that a phyician's note was required to return to work. She dsaid they had a practice to require moire in theitr discretion. On February 1, 2018, I was called into a room with a number of people including my director, an employee who had failed to properly prepare a 2016 FMLA notice for me, and a human resources person. I was told I was being suspended for being "rude and disdainful" at employee health and for reaching out to others. I was not given any details about my alleaged behavior. I did tell them I was on FMLA and that they were not allowed to retaliate

for my complaint to the hotline. I was told they were good at their jobs and knew what they were doing. I was told any further disciplinary problem would lead to me being fired. Upon my return to work after the suspension, I was told they were hiring someone to work the Rivermont Schools and that I would be asked to train them. The new trainee thereafter started working. A new director started in May 2018. He also asked me "what is your husband's health status. At that time, his Doctor told me that I should get my things in order because he believed my husband would not survuive the cancer surgery. Within a couple of weeks my Director fired me. On May 18, 2018, the trainee came to work. She immediately started making over 2 ½ hours of loud, disruptive and profane personal calls in our small office. I sought out management since I was having a hard time getting work done and she had done no work all morning. Management was nowhere to be found. I returned to our office finding her still on personal calls, I suggested that she use her breaks and lunch times for personal calls. The trainee then became irate started screaming and cursing at me. I remained calm and asked her if he was still on probation. During her outburst a co-worker called to make sure I was OK. My Director subsequently held a meeting with my manager, the trainee and me. The trainee acknowledged making 2 ½ hours of personal calls. The Director told me that personal calls were sacred and that my behavior was outrageous and that it did not look good for me. He also comforted the trainee who violated Centra's own policy by excessive perrsonal calls, and her behavior towards me. The next day at work, he and HR refused my request for assistance when the trainee snuck up behind me in our small office and screamed hello in my ear and taunted me over and over again. On May 21, 2018 the Director claimed he had no choice but to terminate me, despite not following Centra's own progressive disciplinary that provided for three disciplinary actions leading to termination. I was asked to leave and retrieve my personal belongings that evening. As terrible as that was, on the termination form, Centra's HR Dept. fabricated two other reasons for termination. It stated that Human Resourses "had documentation of performance management related to Susan's workplace behavior beginning October 2017." There are no such documents or contact I had with Human Resources then. The termination notice then lists; "October – November 2017 Susan's innapropriate choices and behaviors about odors at work." The facts about odors at work involved my sending my Director an email asking that something be done about an employee's hygiene at work. I did not name the employee and wanted to discuss it with my Director. She called me and asked who it was and then added is it K. N.? I replied it was. She asked whether it was just cigarettes I was smelling. I told her no and that it had a barnyard component. The Director did not like my description, but did thereafter purchase several HEPA filters and placed them around the office. A human resources person later met with the whole unit as the unit consistently scored the absolute lowest in employere satisfaction surveys. During the meeting K. N.'s body odor became the subject of discussion. One employee who I am not aware of being disciplined described the odor thusly, "it smells like she rolled around in shit." The HR person documented in her recommendations after the meeting that K.'s body odor continues to be a problem and recommended that she and her staff be moved to another location. Centra also alleged that there was a meeting between HR and me on March 5, 2018 "related to unfair performance evaluation and workplace behaviors". This never happened." I received my performance evaluation which rated me as having a "solid performance". It is also noted by my manager in the February evaluation that "Susan needs to continue to work on her communication and interaction within her team. I have seen an improvement in the last few weeks in 2018. I hope to see Susan continue this.." On March 1, 2018 I received a Recognition for Respect and Integrity from my Director in which she referenced my husband's health. When I was terminated I filed for unemployment and was denied as Centra alleged I was fired for misconduct. I filed for a

hearing. Centra failed to answer the call from the hearing's officer with the Virginia Employment Commission. That officer ruled in favor of Centra. I appealed and after an extensive hearing where my manager and director as well as a Centra HR representative testified, the Appeals Examiner sent a ruling by mail that the evidence did not support a finding of misconduct and I was awarded unemployment benefits. During the testimony, I learned that the trainee received only a verbal warning for her behvior. I also learned that my manager was in her office the whole time of the incident. I also learned that another employee alerted her to the trainee screaming and that she refused to intervene.

I applied for numerous Centra jobs. I had two interviews with payment and refund processing units where people knew I was a respectful hard working employee from our interactions in making sure my payments were applied correctly. I believe they wanted to hire me but Centra's HR Dept. would not. My hiusband contacted Centra's compliance Dept. about what happened to me and the retaliation for my contacting the compliance hotline. He was told there would be an investigation and he sent them numerous deocuments. His request for updates were ignored. I continued to look for work and in April 2019, I attended a Centra job fair. I approached the subject that maybe I was on a do not rehire list. I went to the HR Dept. where I learned I was on such a list. I met with a human resources person who appeared surprised I was on such a list given the Virginiua Employment Commission ruling of no misconduct. I was told of a process to be taken off the list. I followed that process and heard nothing back. My husband wrote a letter to Centra's new CEO explaining my situation and a lack of response. I then received a response from HR refusing to take me off the do not rehire list. In part, they required that I have worked elsewhere for one year before I could have the do not rehire removed. I did subsequently receive a call from the new CEO who seemed concerned and said he would investigate and get back withy me. Instead, I received an email to set up a call with a VP from human resources. We spoke with her and she did remove me from the do not rehire list in June 2019, but would not address my past treatment.

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV. Exhaustion of Federal Administrative Remedies

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

Filed with Va. Dept. of Human Rights received on Feb. 13, 2019. They forwarded to EEOC 2/28/19.

B. The Equal Employment Opportunity Commission *(check one)*:

☐ has not issued a Notice of Right to Sue letter.

☒ issued a Notice of Right to Sue letter, which I received on *(date)* 4/11/2019 .

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C. Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐ 60 days or more have elapsed.

☐ less than 60 days have elapsed.

## V. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Case 6:19-cv-00044-NKM   Document 1   Filed 07/08/19   Page 9 of 11   Pageid#: 9

Page 7 of 9

I request an award of compensatory damages because I was unable to find work until June 10, 2019. I was making $21.79 per hour and working 40 hours per week for annual earnings of $45,323.20. I am requesting back pay until June 10, 2019, I am be making $6.79 per hour less at this new job. This means this first full year of working, I will earn $14,132.20 less. We had to get health insurance through COBRA beginning in June 2018 and it is cost us $1,565.00 per month beginning June 2018 and $1,682 beginning 1/2019, far in excess of $232.03 every two weeks or $502.81 per month I was paying for Centra's health insurance. The difference in our payment was $1062.10 per month or $7,435.33 in 2018, and in 2019 we paid an additional $1,179.19 per month for a total of $7,075.14. I request punitive damages along with the compensatory damages up to the limit allowed by law. I worked for Centra Health for ten years without any disciplinary actions. Centra's behavior was outrageous and intentional. I received numerous acolades for my work and was responsible for billing and collecting about $3 million per month. I was told I was the only one in my whole unit consistently meeting financial goals. My husband has ESRD. My Centra manager approached me concerned about his costs to their health insuranec before he was even on my health insurance policy, and was subsequently grilled about his health and hounded about costs from time to time. Centra is a Federally Funded medical non-profit that runs four hospitals, a residential youth treatment center that I billed and collected for, eleven statewide Rivermont Schools that I billed and collected for, several medical centers in and around Central and Southside Virginia, a cardiac center, facilities for the elderly and infirm, and the Pearson Cancer Center. They know or should know better than to terminate an employee because their spouse was costing their insurance company too much money. They did so at the worst possible time for us. His doctor had told me he did not expect him to survive the anticpated surgery to remove his bladder, remaining kidney, prostate and urether. Centra made up reasons to justify terminating me. They thrm put me on a do not rehire list to keep me from ever placing my husband on their insurance again. The Compliance Office at Centra took no action and never responeded to my husband. And by challenging my request for unemployment Centra caused us great financial hardship. I am seeking the statutory maximum.

## VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 7/7/2019

Signature of Plaintiff _[signature]_
Printed Name of Plaintiff Susan E. Maxwell

### B. For Attorneys

Date of signing: _____

| | |
|---|---|
| Signature of Attorney | _____ |
| Printed Name of Attorney | _____ |
| Bar Number | _____ |
| Name of Law Firm | _____ |
| Street Address | _____ |
| State and Zip Code | _____ |
| Telephone Number | _____ |
| E-mail Address | _____ |